448 So.2d 235 (1984)
STATE of Louisiana
v.
Stan PHILLIPS (Stanley Rogale Phillips).
No. 83 KA 0731.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*236 Bernard E. Boudreaux, Jr., Dist. Atty., James R. McClelland, Asst. Dist. Atty., Franklin, for appellee.
Joseph R. Streva, Jr., Morgan City, for appellant.
Before COVINGTON, LOTTINGER and EDWARDS, JJ.
COVINGTON, Judge.
On this appeal the defendant, Stanley Rogale Phillips, complains that the sentence imposed on him is excessive and is more severe than the sentence imposed on the co-defendants.
The defendant and his brother, Joey Phillips, were initially charged with the crimes of burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2 and simple burglary in violation of LSA-R.S. 14:62. Upon arraignment, both defendants pled not guilty. Thereafter each defendant was additionally charged with the crime of malfeasance in office in violation of LSA-R.S. 14:134.
Stanley Phillips and his co-defendant pled guilty to the malfeasance charge and each was sentenced to serve three years at hard labor. Upon learning that another co-defendant, Kenneth Polk, had received a suspended sentence of a lesser length in a related case, Stanley and Joey moved to amend their sentences.
After a hearing on the motion to amend, the trial judge reduced the sentence of Joey Phillips to eighteen months and suspended the sentence, placing him on probation. The trial judge also reduced the sentence of Stanley Phillips from three years to one year, at hard labor. The sentence was not suspended.
It is this sentence which is on appeal. Joey had originally appealed his sentence; but, upon receiving a suspended sentence, abandoned his appeal.
The instant case arises from a burglary staged by several police officers of the Town of Patterson. While off duty in the early morning hours of June 12, 1982, the officers were engaged in drinking alcoholic beverages in the apartment of Stanley Phillips. Upon hearing what they took to be gunshots, they went to investigate. In the course of their investigation, they entered *237 a nearby home, which appeared to have been broken into, to check for a possible burglary. During this investigation, the weapon of Kenneth Polk was discharged accidentally, damaging a chair in the home. In an attempt to cover up the damage, the officers removed certain property from the premises and vandalized the home to make it appear as though a burglary had been committed. Subsequently, the stolen things were hidden by Joey Phillips, who at the time was an employee of the sheriff's office. Joey did not report the crime. The officers were later apprehended and the instant charges were filed, resulting in the guilty plea and the sentence of which the appellant complains.
At the original sentencing hearing, the trial judge examined various mitigating and aggravating factors pursuant to LSA-C.Cr.P. art. 894.1. The judge specifically noted that Stanley Phillips had no prior criminal record, was employed and was the primary support of his three young children. He also noted that the defendant breached the public trust placed in him as a police officer, commenting:
"You are ... in need of correctional treatment that can only be provided by your commitment to an institution, and any lesser sentence than that which I have imposed would deprecate the seriousness of the offense. Further, any lesser sentence would not have the desired effect of deterring further actions by yourselves or any other officers of the law from a repetition of such conduct."
The record reflects that the trial judge complied with LSA-C.Cr.P. art. 894.1, by stating for the record the reasons for the sentence. When the trial judge has complied with LSA-C.Cr.P. art. 894.1, it then becomes necessary for us, as a reviewing court, to focus our review upon whether the trial judge has abused his sentencing discretion. State v. Smack, 425 So.2d 737 (La.1983). In so doing, this Court must consider, in light of the statutory criteria, the circumstances of the crime, the character of the defendant and the trial judge's reasons for the particular sentence. State v. Green, 418 So.2d 609 (La.1982).
Stanley Phillips is 27 years of age, with no prior criminal record. At the time of the commission of the crimes, he was a police officer in the Town of Patterson. Stanley was the instigator of the crimes, was actively involved in the commission thereof, and was the one who arranged for Joey, his brother, to get involved in his crimes, by having him (Joey) hide the stolen things. The maximum penalty for malfeasance in office is five years with hard labor and a fine. LSA-R.S. 14:134. Stanley was sentenced to only one-fifth of the maximum imprisonment, a term of one year.
We do not consider the punishment imposed in the instant case so disproportionate to the crime committed as to shock our sense of justice. Defendant was employed in a position of trust, as a police officer, which he breached. Under the circumstances of this case, we are unable to say that the trial judge abused his discretion in sentencing Stanley Phillips to one year at hard labor. We do not find the defendant's sentence excessive.
Defendant, nevertheless, argues that the trial court abused its discretion in imposing a more severe sentence on him than on his co-defendants. This argument is meritless. There is no constitutional or statutory requirement that co-defendants receive equal treatment. State v. Quimby, 419 So.2d 951 (La.1983); State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983). Indeed, in State v. Sepulvado, 367 So.2d 762, 766 (La.1979), the Supreme Court remarked:
In providing a wide range of criminal sanctions (punishment) for violations of a statute, the legislature obviously intends that the [trial] judge shall exercise his sentencing discretion to impose sentences graded according to the individualized circumstances of the offense and of the offender.
Disparity in sentences of co-defendants with similar backgrounds, charged *238 with similar participation in identical crimes is merely one factor to be considered by the reviewing court along with all other appropriate considerations when there is no apparently reasonable basis in the record for the disparity. State v. Sims, 410 So.2d 1082 (La.1982).
There is ample justification in the record for the disparity of sentences of the co-defendants in the instant case. The trial judge properly looked to the particular defendant in each of the cases and appropriately tailored the individual sentence to the individual defendant. The record, from our review thereof, fully justifies the disparity in the sentences of these co-defendants.
The trial judge noted, in reasons for sentencing at the hearing on the motion to amend the sentence, that he was, under the circumstances, unable to give equal treatment to Stanley and Joey Phillips. He clearly explained his basis for his different treatment of the co-defendants.
For the reasons assigned, the sentence is affirmed.
AFFIRMED.