LABORDE, Judge.
Defendant, Robert Lee Raby, was charged by bill of information with conspiracy to commit armed robbery, a violation of LSA-R.S. 14:26 and 14:64, and attempted armed robbery, a violation of LSA-R.S. 14:27 and 14:64. Pursuant to a plea bargain agreement with the state, the conspiracy charge was dropped when the defendant plead guilty to the attempted armed robbery charge. On November 6,1985, the defendant was sentenced to serve seven (7) years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appeals his sentence. We affirm.
ASSIGNMENT OF ERROR
Defendant urges one assignment of error: that “[t]he Trial Court erred in sentencing the defendant to seven years at hard labor which was an excessive sentence in that a co-defendant and principal who had prior felony convictions was given a minimal two-year [sic] sentence.” [1]
The crime of armed robbery carries a sentence of imprisonment at hard labor for not more than ninety-nine (99) years. LSA-R.S. 14:64. LSA-R.S. 14:27 defines and establishes the sentence for an attempted crime. It provides, in pertinent part:
“D. Whoever attempts to commit any crime shall be punished as follows:
[[Image here]]
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.”
Thus, the maximum penalty to which a defendant convicted of attempted armed robbery could be sentenced is forty-nine and one-half (49 ½) years at hard labor.
In the instant case, the seven (7) year sentence imposed on the defendant is well within the statutory limit for sentencing. Even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La.Const. art. 1 sec. 20; State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
We recently articulated the appellate review standard for determining whether a sentence is unconstitutionally excessive in State v. Morgan, 428 So.2d 1215, 1216 (La. App. 3d Cir.), writ denied, 433 So.2d 166 (La.1983):
“A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).”
Additionally, a review of the criminal statutes and sentence provisions indicate *1288 that the legislature considers attempted armed robbery a serious offense. In his oral reasons for sentencing, the trial court noted the potential for extreme bodily harm that this crime could easily have caused. The penalty imposed was not disproportionate to the crime committed.
The trial court had the benefit of a pre-sentence investigation report. It indicates that defendant was a bellicose juvenile and had acquired one misdemeanor conviction, after reaching the age of majority, prior to this felony offense. Defendant was nineteen when he attempted this armed robbery.
The co-defendant in this case (a previously convicted felon) received a two and one-half (2V2) year sentence. Defendant complains that, by comparison, his sentence is excessive. The trial court, in sentencing the defendant to seven (7) years, placed emphasis on the fact that the defendant actually held the gun while committing the crime. We add that there is no constitutional or statutory requirement that co-defendants receive equal treatment. State v. Phillips, 448 So.2d 235, 237 (La. App. 1st Cir.1984). Given the facts of this case, and the severity of the offense, the trial court properly individualized defendant’s sentence. State v. Day, 414 So.2d 349, 351 (La.1982). A sentence of seven (7) years at hard labor for this crime is not excessive.
For the above and foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The co-defendant in this case was actually sentenced to two and one-half years at hard labor.