WATKINS, Judge.
Claude Creer was charged by bill of information with aggravated burglary, in violation of LSA-R.S. 14:60, and burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. Thereafter, the state amended the bill of information to charge two counts of simple burglary; and defendant entered a plea of guilty to each charge.[1] He was subsequently sentenced to serve the maximum term of twelve years at hard labor for each conviction, the sentences to *1014 be served consecutively. He appealed, urging that the trial court erred by imposing an excessive sentence and by failing to comply with the sentencing criteria of LSA-C.Cr.P. art. 894.1.
Defendant was charged with the burglaries of two residences in Baton Rouge. According to information presented at the preliminary examination, defendant was arrested after an accomplice, who was in custody at the time, identified him as a participant in a string of burglaries which occurred in the southeastern part of East Baton Rouge Parish. Lt. Paul Maranto testified that defendant admitted participation in one of the two offenses, an aggravated burglary charge which was based on the fact that the perpetrators armed themselves with weapons found in the residence. Although defendant apparently did not admit to participation in the other offense, his fingerprints were found on a jewelry box inside the house.
EXCESSIVE SENTENCE
Defendant submits the trial court erred by imposing an excessive sentence and by failing to state reasons to justify the imposition of two consecutive maximum terms of imprisonment. Specifically, defendant contends the sentences are excessive because the offenses did not constitute the most serious violations of simple burglary for which he would deserve the maximum punishment; the offenses were nonviolent; a relatively small amount of goods was taken; and defendant is not the worst possible offender because he had only two prior convictions, is only twenty-two years of age, and has a history of drug problems. Defendant further contends he did not deserve consecutive sentences because he is not a dangerous offender; has committed no violent acts in the past; the current offenses are non-violent; and there is no evidence that he has previously committed a burglary and should not, therefore, be considered a habitual offender. Finally, defendant urges the trial court erred in considering that he had been arrested numerous times without considering what the arrests were for and that the trial court did not consider the applicable mitigating factors of his age and drug problem.
LSA-C.Cr.P. art. 894.1 requires the trial judge to articulate the reasons for imposing sentence. The considerations taken into account and the factual basis for the sentence must be stated. While the trial court is not required to articulate every aggravating and mitigating circumstance, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984). The trial court’s reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
In imposing sentence, the trial court noted that defendant was a third felony offender and that he had been convicted of an offense while on probation. The court further noted that defendant had been arrested twenty-five times, beginning his adult criminal record immediately after being released from the Louisiana Training Institute in 1981. Admittedly, the trial court did not refer to any factors present which particularly justified the imposition of two terms of the maximum sentence, to be served consecutively. Nonetheless, there is enough of record in this case to conclude the sentences imposed are not constitutionally excessive. See State v. Harris, 480 So.2d 281 (La.1985).[2]
Despite defendant’s assertions that he is a nonviolent offender, the presentence investigation report and the affidavit of probable cause indicate that defendant resisted arrest by refusing to obey a police com *1015 mand to get out of the stolen car in which he was riding, initiating a chase during which he collided with a police cruiser and created a serious risk of harm to the officers and nearby civilians. He was apprehended after he ran into a utility pole and attempted to flee on foot.
Defendant further contends that the sentence is excessive because only a relatively small amount of goods was taken. To the contrary, the record contains documentation provided by the victims which indicates a combined loss of items worth $18,835.00. We are not persuaded that the “relatively” small amount of items constitutes a mitigating factor.
Defendant also argues that these offenses do not constitute the most serious possible violations of simple burglary for which he should receive the maximum sentence. However, while not controlling, it is relevant that the state agreed to accept defendant’s pleas to lesser offenses. See State v. Smack, 425 So.2d 737 (La.1983). Defendant was originally charged with aggravated burglary and burglary of an inhabited dwelling, both offenses carrying a penalty harsher than the penalty for the instant charge either because of the possible length or requirement that a portion of the sentence be served without benefit of probation, parole or suspension of sentence. He received a substantial decrease in penalty exposure by pleading guilty to the charges of simple burglary. Nevertheless, the trial court obviously concluded that intrusions whereby the perpetrator armed himself with weapons stolen from the inside of the premises and entered inhabited dwellings where others might be present constituted some of the most serious possible simple burglary charges. While the offenses themselves may have been nonviolent, the potential danger created by defendant’s actions requires a substantial penalty.
Defendant also argues the trial court erred in finding him to be one of the worst possible offenders because he had only two prior convictions. He further claims there is no evidence that he has previously committed a burglary and he should not, therefore, be considered a habitual offender.[3]
The presentence investigation reveals that defendant began his criminal career at the age of fifteen and was committed to the Louisiana Training Institute after having been adjudicated a delinquent at the age of sixteen. Defendant escaped from L.T.I. and was later charged with a simple robbery, which was apparently committed during the week he was at large. In February, 1981, defendant was returned to the custody of his grandmother. His first adult conviction arose from a simple burglary he committed less than six months later. Defendant was placed on two years probation for this conviction; less than six months later, he was arrested for receiving stolen things. His probation was terminated unsatisfactorily after he was convicted of this offense.
In January, 1984, defendant was released on parole. While on parole, he consistently violated the conditions of his parole by failing to submit monthly reports and failing to find full time employment. His parole was revoked after he was convicted of resisting an officer and attempted theft.
Defendant’s criminal record amply demonstrates that he is a habitual offender who has not benefitted from his previous exposure to the judicial system. Defendant’s assertion that he should not be considered a habitual offender because there is no evidence he previously committed a burglary is utterly false. Defendant’s claim that he should not be considered one of the worst offenders because he has “only” two previous felony convictions is without merit. Defendant obviously poses a serious threat to society because of his repeated criminal conduct.
*1016 In defendant’s final argument, he claims the court erred by failing to consider the applicable mitigating factors of his youth and drug problems. While defendant is a relatively young offender, his age is not a particularly mitigating factor in light of his juvenile record and status as a third felony offender. The trial court specifically noted it was aware of defendant’s problem with cocaine and other drugs but found that problem did not mitigate against severe punishment. Given the wide discretion of the trial court in imposing sentence, we do not find the court erred in the weight it accorded this factor.
The conviction and sentence are affirmed.
AFFIRMED.

. The record reflects that the statutory designations of the charges listed on the bill of information were not amended when the charges were reduced. Nevertheless, it is apparent that defendant was not misled as to the offense to which he entered his plea. See LSA-C.Cr.P. art. 464.

. The minute entry incorrectly asserts the trial court incorporated the presentence investigation report in articulating its reasons for sentencing. However, while the sentencing transcript does not refer to that report, the presentence investigation report becomes a part of the appellate record where, as here, the defendant assigns as error only the sentence imposed. LSA-C.Cr.P. art. 877(C).

. Defendant’s brief does not clearly express whether he refers to habitual offender status under LSA-R.S. 15:529.1 or a claim that he should not be considered a habitual burglar because he had not previously been convicted of burglary. Either claim is without merit. The state could have invoked the provisions of LSA-R.S. 15:529.1 in light of his previous convictions irrespective of whether those convictions were for burglary. In any event, since his first adult conviction was for burglary, it logically follows that defendant is a habitual burglar.