DOUCET, Judge.
The above numbered and entitled appeal was consolidated with an appeal entitled State v. Williams, 542 So.2d 787 (La.App. 3rd Cir.1988). Both appeals arise out of convictions and sentences for the same criminal offense. We decide all issues presented in both appeals in this opinion, but render a separate decree in the companion appeal.
Defendants were each originally charged with attempted first degree murder and attempted armed robbery. In plea bargain agreements the state agreed to dismiss the attempted first degree murder charges in *789 exchange for the defendants’ pleas of guilty to attempted armed robbery. Pursuant to these agreements, on November 3, 1987, defendants, Johnny Sloan, Jr. and Stanford Dwayne Williams, each being represented by attorney Joseph Toups, Jr. of Mansfield, after being advised by the court of the nature of the charges and rights they were giving up by not going to trial, after agreeing with the factual bases of the charges as recited by the trial court, and after withdrawing their previously entered pleas of not guilty with court approval, each pleaded guilty to the charge of one count of attempted armed robbery, a violation of La.R.S. 14:27 and R.S. 14:64. The court, after accepting the pleas, ordered that pre-sentence investigations be conducted. On February 25, 1988, after having received and examined the pre-sentence reports, Judge Claude R. Sledge sentenced each of the defendants to twenty years confinement at hard labor, without benefit of probation, parole or suspension of sentence. Defendants each appeal this sentence based on three assignments of error which are combined for argument in defendants’ briefs.
FACTS:
On or about February 24, 1987, defendants Johnny Sloan, Jr. and Stanford Dwayne Williams entered the City Hall in Zwolle, Louisiana, each wearing a brown stocking pulled over his head and face. Being armed with a twenty-five caliber automatic pistol, they went behind the counter and attacked an employee who was on duty there. Defendants proceeded to beat the employee, Ms. Sharon Leone, severely with their fists and with the pistol. The victim suffered numerous cuts and bruises about the head, face, shoulders, arms and hands which necessitated her getting medical treatment, including approximately twelve stitches. Defendants stopped beating the victim and fled only when persons working in another room of the City Hall came out in response to the victim’s screams for help. One of the workmen, observing the defendants as they fled the scene, recognized one of them as he removed the stocking mask from his face. Subsequently, police were summoned, a search was conducted, and the two defendants were arrested. Defendants later confessed that they did go to Zwolle City Hall with the intention of committing a robbery.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments of error, defendants assert that the trial court erred in failing to properly apply the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and in failing to state for the record the considerations taken into account and the factual basis therefor in imposing sentence on the defendants, as is required by that article.
A trial judge is required to state for the record both the considerations he has taken into account and the factual basis for imposition of sentence. La.C.Cr.P. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982). In order to comply with article 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Sims, 410 So.2d 1082 (La.1982). The requirements of article 894.1 are fulfilled when the record affirmatively shows that the trial court considered the statutory sentencing guidelines. State v. McDermitt, 406 So.2d 195 (La.1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984). The important factors that should be considered include the defendant’s personal history, prior criminal record, seriousness of the particular offense, and the likelihood of rehabilitation or recidivism. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
In the instant cases, defendants were each charged with attempted first degree murder and attempted armed robbery. Pursuant to a plea bargain agreement, the defendants pleaded guilty to armed robbery and the attempted first degree murder charges were dismissed. After an ex *790 amination of the pre-sentence investigation reports, the trial court sentenced each defendant to twenty years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.
In imposing the sentences of imprisonment in the instant cases, the trial judge stated for the record that a review of the pre-sentence investigation reports for both defendants convinced him that both were “in need of incarceration in a custodial environment that could only be provided through commitment to an institution.” The judge stated that defendants were “arrested after a serious and life-threatening incident” in which defendants “did considerable physical damage and harm” to the victim. The judge later stated that he thought that any lesser sentence would deprecate the seriousness of the defendants’ offenses. The judge also stated that there was a real risk that each defendant would commit another crime if he were placed on probation. The previous criminal records of the defendants, which were contained in the presentence investigation reports reviewed by the judge, provide a factual basis for this statement by the judge. These statements by the judge indicate that he found present in each case the three conditions for which La.C.Cr.P. art. 894.1(A) provides that a judge should impose a sentence of imprisonment. Therefore, we find that the imposition of sentences of imprisonment in these cases was proper.
As to the sentencing judge’s application of article 894.1(B), the record clearly shows that the judge went through a thorough and detailed procedure in particularizing the sentence for each defendant. In fact, the judge considered and weighed every factor listed in article 894.1(B).
As previously stated, the judge mentioned that each defendant’s conduct caused and threatened serious harm. He stated that each must have contemplated that his criminal conduct would cause or threaten serious harm. The judge found that neither defendant acted under provocation and that the crime was in fact planned in advance and entered into actively and consciously by each defendant. He further stated that there were no grounds tending to excuse either defendant’s conduct, that the victim did not facilitate the commission of the offenses, and that compensation of the victim was not a factor in this case.
With regard to defendant Williams, the judge noted that he had two prior convictions for theft and one for burglary of an inhabited dwelling. He further noted that defendant was given probated sentences for two of these crimes and sentenced to fifteen days of community service for the third conviction, which he was serving when the instant offense occurred. The judge stated that looking at Williams’ past record he thought “that this type of thing would be likely to recur,” and that Williams was unlikely to respond affirmatively to probationary treatment, although he was not eligible for it because he was a second offender. The judge further stated that imprisonment would not entail excessive hardship because Williams had no dependents.
With regard to defendant Sloan, the sentencing judge noted that, although he was only 18 years old and a first offender under the law, this serious offense was not in fact his first offense. The judge stated that Sloan has been “in trouble with the law” since about the age of fourteen, that Sloan had received probated sentences for attempted unauthorized use of a motor vehicle, for unlawful carrying of a weapon, and for theft by shoplifting, and that Sloan had received a suspended sentence for simple battery. The judge stated that this record demonstrated to him “a pattern of conduct where you have little or no regard for the law.” Further, the judge stated that due to Sloan’s record he believed this criminal conduct would recur and that Sloan would be unlikely to respond affirmatively to probationary treatment. The judge then stated that imprisonment would not entail excessive hardship because Sloan had no dependents.
From the statements of the sentencing judge mentioned above, it is clear that the judge properly applied the sentencing guidelines of article 894.1 and that he adequately stated for the record the considera *791 tions taken into account and the factual basis therefor in particularizing each defendant’s sentence.
We find that these assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendants assert that the trial court erred in imposing a sentence which, under the circumstances applicable to the defendants, “is excessive and an arbitrary infliction of severe punishment resulting in cruel and unusual punishment” of the defendants.
A sentence is unconstitutionally excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980). Even sentences within statutorily mandated limits may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). In order to constitute an excessive sentence, the penalty imposed must be so grossly disproportionate to the crime committed in light of the harm caused to society as to shock this court’s sense of justice. State v. Cann, 471 So.2d 701 (La.1985). However, the sentencing judge is given wide discretion in the imposition of sentences within statutory limits and his decision should not be set aside or upset absent a manifest abuse of that discretion. State v. Davis, 449 So.2d 452 (La.1984). The statutory guidelines of La.C.Cr.P. art. 894.1 provide criteria by which the reviewing court can measure whether a sentence is excessive. State v. Sepulvado, supra; State v. Cox, 369 So.2d 118 (La.1979).
In the instant cases, each defendant received a twenty year sentence for attempted armed robbery, a violation of La.R.S. 14:27 and 14:64. Under these statutes, the defendants could have been sentenced to up to 49.5 years without benefit of parole, probation or suspension of sentence. Thus, the defendants’ sentences are within the lower range of possible sentences.
In reviewing appealed sentences, even in cases wherein the sentencing judge failed to adequately consider the statutory guidelines, an appellate court need not remand for compliance with article 894.1. State v. Vital, 491 So.2d 180 (La.App. 3rd Cir.1986). However, as stated previously in this opinion, the record in the instant cases reveals that the sentencing judge did adequately consider the statutory sentencing guidelines. The sentencing judge indicated that the offense for which the defendants were being sentenced was very serious because of the great bodily harm inflicted on the victim. He also pointed out the past criminal records of each of the defendants, which were mentioned previously. The judge also went through a thorough and detailed consideration of the mitigating factors contained in La.C.Cr.P. art. 894.1(B) and found none to be present. The judge then stated that lesser sentences would deprecate the seriousness of the crimes. An examination of the record leads us to conclude that the sentencing judge did not manifestly abuse his discretion in sentencing the defendants in these cases. We do not find that the sentences are so disproportionate to the crimes committed as to shock our sense of justice.
Further, in State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986), the court upheld a fifty year sentence for attempted armed robbery imposed upon the defendant who held up a bartender at gunpoint, took his money and ran away without physically injuring him. The defendant had two prior convictions for attempted simple burglary and armed robbery.
In the instant cases, the defendants caused great physical injury to the victim of their attempted armed robbery. Also, both had past criminal records. In light of this case and after a review of the record in these cases, we find no abuse of discretion on the part of the sentencing judge. This assignment of error lacks merit.
For the foregoing reasons, the defendants’ sentences in these cases are affirmed.
AFFIRMED.