554 So.2d 1308 (1989)
STATE of Louisiana
v.
Linton Joseph HIGGINBOTHAM.
No. 88 KA 1947.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
*1309 Joseph L. Waitz, Jr., and Robert B. Butler, III, Houma, for defendant and appellantLinton J. Higginbotham.
Allen W. Helm, III, Asst. Dist. Atty., Houma, for plaintiff and appelleeState of La.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
Linton Joseph Higginbotham was charged by bill of information with two counts of simple burglary.[1] He was tried by a jury and convicted as charged. The trial court imposed a sentence of six years at hard labor on each count, the sentences to be served consecutively. This appeal followed.

FACTS
On the night of May 23-24, 1987, the residence of Barbara LeBouef located at 24 South Cane Court, Houma, Louisiana, was broken into and jewelry and "change" were taken from the premises.
On June 8, 1987, the Renaissance II, a health club located in the same neighborhood as the LeBouef residence, was broken into and cash, steroids and weightlifting gloves were taken from the premises.

*1310 DENIAL OF SEVERANCE

(Assignment of error number 1)
Defendant contends the trial court erred by denying his motion to sever the two counts. He claims that, as to each of the offenses, evidence of the additional offense consisted of inadmissible "other crimes" evidence.
La.C.Cr.P. art. 493 provides as follows:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
The general rule for severance of offenses is set forth in La.C.Cr.P. art. 495.1, which provides as follows:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
In ruling on a motion to sever, the trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. To determine whether or not the joinder of offenses would be prejudicial, the court should consider the following factors: 1) whether or not the jury would be confused by the various counts; 2) whether or not the jury would be able to segregate the various charges and evidence; 3) whether or not the defendant would be confounded in presenting his various defenses; 4) whether or not the crimes charged would be used by the jury to infer a criminal disposition; and 5) whether or not, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. State v. Brooks, 541 So.2d 801 (La.1989). In State v. Celestine, 452 So.2d 676 (La.1984) the Louisiana Supreme Court found that there is no prejudicial effect from the joinder of two or more offenses when the evidence of each offense is relatively simple and distinct, although such evidence might not have been admissible in separate trials of the offenses because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations.
The motion to sever is addressed to the sound discretion of the trial court, and the trial court's ruling should not be disturbed on appeal absent a showing of an abuse of discretion. State v. Brooks, 541 So.2d at 804. Herein, the evidence of the two offenses is relatively simple; and the jury was unlikely to confuse the evidence and the charges. The trial court did not err in denying defendant's motion to sever.
This assignment of error is without merit.

ADMISSION OF VOICE STRESS ANALYSIS RESULTS

(Assignment of error number 5)
Defendant contends that the trial court erred by refusing to permit him to introduce evidence of a (psychological) voice stress analysis performed by detectives with the Houma Police Department. The testimony of Detective Ben Ledell, who conducted the test, and the results of the analysis, were proffered to the court. The test results were exculpatory in nature.
There is no error in the ruling. The results of the voice stress analysis test were not admissible. State v. Arnold, 533 So.2d 1311 (La.App. 3rd Cir.), writ denied, 534 So.2d 959 (La.1988) and the cases cited therein.
This assignment of error is without merit.

REFUSAL TO GIVE SPECIAL JURY CHARGE

(Assignment of error number 4)
Defendant complains of the trial court's refusal to give a special jury *1311 charge. Defendant submitted a charge based on State v. Hebert, 444 So.2d 228 (La.App. 1st Cir.1983), in which he requested the court to charge the jury that the "[u]ncorroborated testimony of a purported accomplice, which is the only direct evidence tying a defendant to the crime, is insufficient to sustain [a] conviction ...".
In refusing to give defendant's charge, the court found that the charge was not an accurate statement of the law. We agree. In Hebert, this court reviewed the evidence presented by the defendant's accomplice, which was the only direct evidence tying defendant to the crime. Therein, we noted that the accomplice's testimony was internally inconsistent and contradicted by other impartial testimony; and his credibility was impeached by his own admissions and by the testimony of his employer. We found, therefore, that the evidence would fail to convince any rational trier of fact to conclude that defendant's guilt had been proved beyond a reasonable doubt, even when examined in a favorable light. Hebert, 444 So.2d at 231. This court did not hold, however, that the uncorroborated testimony of an accomplice, which is the only direct evidence linking the defendant to the crime, can never be sufficient to sustain the conviction. Indeed, a jury may convict upon an accomplice's uncorroborated testimony. State v. Matthews, 450 So.2d 644 (La.1984). Accordingly, the trial court did not err by refusing to give defendant's special requested charge because the charge was not a correct statement of the law.
This assignment of error is without merit.

SUFFICIENCY OF THE EVIDENCE

(Assignment of error number 2)
Defendant contends that the trial court erred by denying his motions for new trial and post-verdict judgment of acquittal. He contends the evidence is insufficient because the only evidence of his involvement was presented by the testimony of his accomplice, Ronald Scott Smith; and such testimony is not sufficient to sustain a verdict.
As stated previously, a jury may convict upon an accomplice's uncorroborated testimony. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a factfinder's determination of guilt. State v. Matthews, 450 So.2d at 647. After reviewing Smith's testimony in the light most favorable to the State, we conclude that a reasonable juror could have accepted it as true. La.C.Cr.P. art. 821.
Defendant further argues that the state failed to prove that anything was taken from the Renaissance II health club. Smith testified that he, defendant, and Todd Brown took cash, steroids, and weightlifting gloves from the health club.
This assignment of error is without merit.

EXCESSIVE SENTENCE

(Assignment of error number 3)
Defendant contends that the trial court imposed an excessive sentence. He claims the court should not have imposed consecutive sentences because the two convictions arose from the same course of conduct; and, accordingly, concurrent, not consecutive, sentences were required by La.C.Cr.P. art. 883. Defendant further contends this court should consider his sentence in light of the questionable testimony of Ronald Scott Smith. Finally, defendant claims that his sentence is excessive in light of the three year sentence imposed upon Smith.
Initially, we note that this Court is not required to reweigh the sufficiency of the evidence as a sentencing factor. State v. Harris, 518 So.2d 590 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1184 (La. 1988). Moreover, defendant's claim that these offenses were committed in the same course of action or as part of a common plan or scheme is without merit. The record reflects that the offenses were committed approximately two weeks apart and involved different types of establishments. Other than the identity of the parties involved, there are no similarities in the offenses, *1312 nor any indication that the offenses were a part of a scheme.
Finally, we find no merit in defendant's contention that his sentence is excessive in comparison to the sentence imposed upon Ronald Scott Smith. The fact that other defendants in a case receive lighter sentences is not controlling. State v. Quimby, 419 So.2d 951 (La.1982). A judge is not required to treat co-defendants equally in sentencing, and a trial judge may exercise discretion according to individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). Disparity in sentences of co-defendants with similar backgrounds, charged with similar participation in identical claims, is merely one factor to be considered by the reviewing court along with all other appropriate considerations. State v. Phillips, 448 So.2d 235 (La.App. 1st Cir. 1984).
Herein, Smith apparently agreed to assist the state in its prosecution of the other offenders by testifying truthfully, in return for which he received a sentence of three years at hard labor. We find, therefore, that defendant's sentences are not excessive in comparison to the sentence received by defendant's accomplice.
During the sentencing the trial court judge made the following observations about the defendant's prior criminal record:
The Court notes from your Louisiana State confidential records that on April 1, 1982, you were charged with disturbing the peace by intoxication. On May 20, 1983, you were charged with attempted simple burglary of an inhabited dwelling, and apparently on March 23, 1984, you were either found guilty or pled guilty to attempted simple burglary, at which time you received a four-year sentence with the Department of Correction, on which sentence you were paroled on July 23, 1985 with your parole to be up on March 23, 1988. While on this parole, you were arrested and charged for the crimes for which you were tried on July 6, 1988 in my Court, said arrest according to the record taking place on August 21, 1987.
The trial court has wide discretion in the imposition of sentence and a sentence within statutory limits will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
After reviewing all of the pertinent facts and circumstances of this case, we cannot say the trial court abused its sentencing discretion. See, for example, State v. Creer, 504 So.2d 1013 (La.App. 1st Cir. 1987).
This assignment of error is without merit.

DECREE
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The front of the bill of information states it is for "SIMPLE BURGLARY-2 COUNTS". Each of the counts in the body of the bill of information charge the defendant with "simple burglary". However, in count 1 concerning the Renaissance II, it is asserted that the statute violated was La.R.S. 14:62.2 (simple burglary of an inhabited dwelling) rather than La.R.S. 14:62 (simple burglary). Error in the citation of the statute with which the defendant is charged shall not be ground for reversal of a conviction if the error did not mislead the defendant to his prejudice. La.C.Cr.P. art. 464. Our review of the record reveals no prejudice to the defendant herein due to the citation error.