NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-549

STATE OF LOUISIANA

VERSUS

DEMORRIS JONES

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 71506
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

Don M. Burkett, District Attorney
Ronald D. Brandon, Assistant District Attorney
Eleventh Judicial District
P. O. Drawer 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR THE STATE OF LOUISIANA

Brent Hawkins
Louisiana Appellate Project
P. O. Box 3752
Lake Charles, LA 70602-3752
(337) 502-5146
COUNSEL FOR DEFENDANT-APPELLANT:
    Demorris Jones

**PAINTER, Judge.**

Defendant, Demorris Jones, alleges that the ten-year sentence at hard labor imposed after he pled guilty to attempted armed robbery is excessive. We find that the trial court did not abuse its discretion and affirm the sentence.

## FACTS AND PROCEDURAL HISTORY

The State charged Defendant with attempted armed robbery, violations of La.R.S. 14:27 and 14:64, and attempted home invasion, violations of La.R.S. 14:27 and 14:64. On January 22, 2013, the Defendant pled guilty to attempted armed robbery. In exchange, the State dismissed the attempted home invasion charge. At the guilty plea, the State set forth a factual basis to support the plea: On or about September 3, 2012, Defendant, along with two juveniles, attempted to gain entry to the victim's residence in an attempt to rob the victim. Defendant replied affirmatively when questioned by the trial court as to whether this occurred.

On April 4, 2013, Defendant was sentenced to ten years at hard labor. Defendant filed a motion to reconsider sentence which was denied without a hearing.

Defendant now appeals, asserting that the sentence is excessive. For the following reasons, we affirm the sentence imposed.

## DISCUSSION

Defendant argues that the trial court failed to give sufficient consideration to mitigating factors and failed to fashion a sentence that was particularized to him. Additionally, he argues that his ten-year sentence is excessive. Defendant asserts in pertinent part:

> Appellate counsel respectfully suggest[s] the trial court failed to comply with the provisions of La.Code Crim.P. art. 894.1, by failing to articulate the basis for Demorris' sentence including failing to articulate any aggravating or mitigating circumstance. While the record reflects that the defendant was a second felony offender, the

record does not reflect what the prior felony conviction was for; additionally the record does not indicate any other adult criminal conduct or juvenile criminal conduct. The defendant was 38 [sic] years old at the time of the offense. In his motion to reconsider sentence, trial counsel notes the victims of the underlying offense did not suffer any injuries. And while in his motion to reconsider trial counsel did not literally state the trial judge failed to comply with La.Code Crim.P. art. 894.1, it is clear the issue that no one was injured would be a mitigating factor to be considered under this article when fashioning a sentence. Additionally, neither at the preliminary exam, which is part of the record, nor during his plea, was it stated Demorris was in possession of a firearm or that he made any threats of violence. This fact could also fall under the category of mitigating circumstance for the purposes of fashioning a sentence.

> . . . .

A 10 year hard labor sentence is excessive for Demorris, a 38 [sic] year old second offender. The record in this matter is rather scant, this fact notwithstanding, it states Demorris attempted to gain entry into the residence of [the victim] to attempt a robbery. There is no evidence in the record that a less harsh sentence or a period of supervised release would not be appropriate for this second offender.

(Record citations omitted.)

Louisiana Code of Criminal Procedure Article 881.1 provides in pertinent part:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

> . . . .

> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

In the motion to reconsider sentence, Defendant argued that this sentence was excessive because the victim suffered no injuries. On appeal, Defendant asserts that this argument was sufficient to preserve review of the lack of mitigating factors considered by the trial court. However, pursuant to La.Code

2

Crim.P. art. 881.1, Defendant is limited to the specific claim that the victim

suffered no injuries and a bare claim of excessiveness.[1]

In *State v. Barnes,* 12-667, p. 2 (La.App. 3 Cir. 12/5/12), 103 So.3d 1254,

1256, this court explained:

> This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:
>
> > The Eighth Amendment to the United States Constitution and La.Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
> >
> > The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:
> >
> > > 1. The nature of the crime,
> > >
> > > 2. The nature and background of the offender, and
> > >
> > > 3. The sentence imposed for similar crimes by the same court and other courts.

---

[1] *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862 and *State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, ___ U.S. ___, 131 S.Ct. 932 (2011).

Because it was a guilty plea, there were not many facts set forth in the record. At the guilty plea proceeding, the State gave a factual basis which indicated that Defendant, along with two juveniles, attempted to enter the victim's home for the purpose of robbing the victim. There is also a transcript of a preliminary examination hearing. At that hearing, Detective Jason Rivers of the Sabine Parish Sheriff's Office testified that the juveniles involved told him that Defendant drove them to the victim's home and that Defendant later admitted this. Also, according to the officer, the juveniles told him that Defendant went to the front door of the victim's home with them.

At the time of the guilty plea proceeding, Defendant was thirty-six years old. He could read, write, and speak English. At sentencing, the trial court noted that Defendant was a second felony offender. The trial court did not discuss the prior conviction. Additionally, at sentencing, Defendant stated that he had kids, that he was getting married, and that he had a job.

Attempted armed robbery is a violation of La.R.S. 14:64 and 14:27. Louisiana Revised Statutes 14:64 provides a penalty for armed robbery of imprisonment at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. The applicable penalty under La.R.S. 14:27 is imprisonment not to exceed one-half of the longest term of imprisonment prescribed for the offense so attempted. In this case, the penalty range was from zero to forty-nine-and-one-half years of imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. Thus, Defendant was sentenced to a lower range sentence. Additionally, the state dismissed the charge of attempted home invasion.

4

When imposing the sentence, the trial court stated:

> Sir, you appeared in this court and pled guilty to the amended charge of attempted armed robbery. I ordered a pre-sentence investigation to be conducted and the report to be returned to me. I've made it available to your attorney to review. I've read your statement that's attached to the pre-sentence investigation which I'm going to cause to be filed into the record. I've noted that you are in fact a second felony offender. I've noted your social history. I've noted the sentencing guidelines, the aggravating and mitigating circumstances in this case.

In *State v. Raby*, 487 So.2d 1286 (La.App. 3 Cir.), *writ denied*, 493 So.2d 634 (La.1986), the defendant was charged by bill of information with conspiracy to commit armed robbery and attempted armed robbery. Pursuant to a plea bargain agreement with the state, the conspiracy charge was dropped when the defendant pled guilty to the attempted armed robbery charge. He was sentenced to serve seven years at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, the defendant challenged his sentence as excessive. This court affirmed the sentence, and it noted that the trial court considered the "potential for extreme bodily harm that this crime could easily have caused." *Id*. at 1288. Additionally, this court noted that the trial court reviewed the pre-sentence investigation report and that the nineteen-year-old defendant was a "bellicose juvenile and had acquired one misdemeanor conviction, after reaching the age of majority, prior to this felony offense." *Id*.

In *State v. Sloan*, 542 So.2d 788 (La.App. 3 Cir. 1989), the defendant pled guilty to two counts of attempted armed robbery, and he was sentenced twenty years at hard labor, without benefit of probation, parole, or suspension of sentence on each conviction. On appeal, the defendant challenged his sentences as excessive. This court noted that the eighteen-year-old defendant's conduct threatened serious bodily harm, and he had been in trouble with the law since age fourteen.

Applying the *Lisotta* factors and past case precedent, this court finds that the trial court did not abuse its discretion in imposing the ten-year sentence. Additionally, Defendant benefitted from the plea agreement in that the attempted home invasion charge was dismissed. Therefore, this court finds that the sentence imposed is not excessive.

## DECREE

We affirm Defendant's sentence of ten years at hard labor for his conviction after his plea of guilty to the charge of attempted armed robbery.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.