412 So.2d 1027 (1982)
STATE of Louisiana
v.
Ozie ABERCRUMBIA.
No. 81-KA-2082.
Supreme Court of Louisiana.
April 5, 1982.
*1028 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
Ralph S. Wright of Lowther & Boone, Many, for defendant-appellant.
MARCUS, Justice[*].
Ozie Abercrumbia was indicted by the grand jury for the crime of aggravated battery in violation of La.R.S. 14:34. At the arraignment, defendant entered a plea of not guilty. Thereafter, defendant withdrew his former plea of not guilty and entered a plea of guilty to second degree battery (La.R.S. 14:34.1). The trial judge accepted the guilty plea after determining that it was made voluntarily with understanding of the nature of the charge. A presentence investigation was ordered. Subsequently, after receiving the presentence report, the trial judge sentenced defendant to serve three years at hard labor. Defendant objected on the ground that the sentence was not imposed in compliance with La.Code Crim.P. art. 894.1.
On appeal, defendant contends in his sole assignment of error that the trial judge erred in failing to follow the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 and in imposing an excessive sentence.
The presentence report reflects that on the evening of August 22, 1980, Johnny L. Abercrumbia, Lonnie Ray Givens, James Williams and defendant were playing dice in Cleo's Cafe in Pleasant Hill, Louisiana. Williams claimed he had won and picked up the money, whereupon an argument ensued. Outside the cafe, a fight started resulting in injuries to Williams. Williams was hit with boards and suffered injuries to his head, neck and arm including a deep cut above his right eye.
The presentence report further reveals that defendant is 34 years of age. He was born in Pelican, Louisiana, and has remained a resident of Sabine Parish all of his life. He completed the eighth grade at a school in Pleasant Hill, where he presently resides with his mother. In 1972, he began working for Larry Jones Pulpwood Company and has continued to work there to the present time. Defendant stated that pulpwood work is all that he has done since he quit school. Defendant has no juvenile record for arrests and/or convictions. His adult record indicates only that he had been arrested once before for aggravated battery but a no true bill was returned by the grand jury.
Considering the seriousness of the offense and the undue risk that defendant would commit another crime if the sentence was suspended and he was placed on probation, the trial judge concluded that a sentence of imprisonment should be imposed. While recognizing that an argument immediately preceded the fight, he considered that defendant was one of the aggressors in the fight. He further found that defendant's record and previous history did not justify the conclusion that he would successfully serve a period of probation.
La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Forshee, 395 So.2d 742 (La.1981). Moreover, the trial judge is given a wide discretion in *1029 the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Forshee, supra.
Although the trial judge substantially complied with art. 894.1 in imposing sentence, we consider that he reached unfounded conclusions from the facts considered in imposing sentence. Given the fact that this was defendant's first criminal offense and considering his steady work record, we find no factual basis for concluding that there was an "undue risk" that defendant would commit another crime if his sentence was suspended and he was placed on probation or that he would be a poor probation risk. Moreover, the injuries sustained by the victim resulted from a fight between the participants of a dice game at a bar. As defendant asserts in brief, this was "a simple fight that got out of hand, people got mad, and things were done that should not have been done." The imprisonment portion of the penalty for second degree battery is confinement for not more than five years with or without hard labor. We consider that the trial judge abused his discretion in imposing a sentence of three years at hard labor under the facts of this case. We find the sentence to be excessive. Accordingly, we must vacate defendant's sentence and remand the case to the trial court for resentencing.

DECREE
For the reasons assigned, the conviction is affirmed but the sentence imposed is vacated and set aside, and the case is remanded to the district court for resentencing in accordance with the views expressed herein.
WATSON, J., concurs in the result.
EDWARD A. DUFRESNE, Jr., J. Pro Tem., dissents and assigns reasons.
EDWARD A. DUFRESNE, Jr., Justice Pro Tem., dissenting.
I respectfully dissent. I am of the opinion that the evidence supports the trial judge's sentence and I do not consider it excessive. I would affirm the conviction and sentence of the defendant.
NOTES
[*] Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.