KING, Judge.
The sole issue presented by this appeal is whether defendant’s sentence of seventeen *1196 years at hard labor (ten years at hard labor as a habitual offender to run consecutive, after revocation of probation, to a seven year sentence at hard labor previously imposed for ten counts of simple burglary) was imposed without compliance with LSA-C.Cr.P. Art. 894.1 and is therefore an excessive sentence in violation of La. Const. Art. 1 § 20. We set aside the sentence and remand the matter for resentenc-ing.
FACTS
Johnnis Adam Rious (hereinafter referred to as defendant) was charged by bill of information with possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966(A)(1). Defendant was tried by jury and found guilty as charged. No pre-sentence investigation and report were ordered. On the day of sentencing, the State filed a multiple-offender bill alleging that defendant had previously been convicted of ten counts of simple burglary, and, as such, he should be sentenced under the habitual offender law. Defendant denied that he was a multiple offender, whereupon the State moved to have the matter heard instanter. The trial court granted the motion and, after a hearing, found defendant to be a second offender. The trial court then sentenced defendant, on the charge of possession of marijuana with intent to distribute, to ten (10) years at hard labor with the Louisiana Department of Corrections. On motion of the State, the trial court then revoked defendant’s probation, from his previous sentence for ten burglary convictions, and stated that the two sentences, a total of seventeen (17) years, were to be served consecutively. Defendant was subsequently granted an out-of-time appeal in this matter.
In his assignment of error, defendant claims that the ten (10) year sentence, which is to run consecutive with the previous sentence of seven (7) years for ten burglaries, was excessive since it was imposed without compliance with LSA-C. Cr.P. Art. 894.1.
Defendant was found guilty of possession of marijuana with intent to distribute. The penalty provided by law is a term of imprisonment at hard labor for not more than ten [10] years and pay a fine of not more than fifteen thousand dollars [$15,-000]. LSA-R.S. 40:966(B)(2). In addition, because defendant was adjudged a second offender, the habitual offender law is applicable.
LSA-R.S. 15:529.1 provides:
“A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction; ...”
The penalty, therefore, for a second offender convicted of possession of marijuana with intent to distribute, is a mandated prison term of not less than 3⅛ years and not more than twenty (20) years, and a fine of not more than fifteen thousand dollars ($15,000.00). LSA-R.S. 15:529.1 and LSA-R.S. 40:966(B)(2). The ten year sentence imposed on defendant is within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La. Const. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
In State v. Morgan, 428 So.2d 1215 (La. App. 3rd Cir.1983), writ den., 433 So.2d 166 (La.1983), this Court stated the appellate standard of determining whether a sen *1197 tence is unconstitutionally excessive as follows:
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproporationate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).” State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir. 1983), writ den., 433 So.2d 166 (La.1983).
Defendant alleges that the trial judge erred in that the sentence was excessive because it was not individualized with respect to him. In essence, he asserts that the trial court failed to comply with LSA-C.Cr.P. Art. 894.1.
Under LSA-C.Cr.P. Art. 894.1 a trial court in sentencing must state for the record those circumstances taken into account as well as the factual basis for a sentence imposed. State v. MacDonald, 390 So.2d 1276 (La.1980). The sentencing court, however, is not required to articulate every factor provided in Article 894.1 so long as the record reflects that these factors were considered in particularizing the sentence to the defendant. State v. Morgan, supra.
The Louisiana Supreme Court has held that the lack of compliance with the sentencing guidelines does not necessarily require that sentences be set aside if the record otherwise clearly illumines the trial court’s sentencing choice and demonstrates that the sentence is not arbitrary or excessive. State v. Jett, 419 So.2d 844 (La.1982); State v. Martin, 400 So.2d 1063, on rehearing, 400 So.2d 1074 (La.1981).
The Supreme Court has also held that mitigating circumstances are to be considered in every case even though LSA-R.S. 15:529.1, the habitual offender statute, fixes sentencing bounds. State v. Miles, 472 So.2d 909 (La.1985). Thus, in the instant case, since the possible sentence bounds ranged somewhere between a mandatory minimum sentence and a maximum possible sentence, mitigating circumstances should have been taken into consideration in fixing the sentence.
The record does not reflect that the trial court considered mitigating circumstances or that it stated for the record all of those circumstances that it took into account and the factual basis therefor in imposing sentence on defendant.
In pronouncing sentence on defendant the trial court stated only that:
“You know, you were up here before me, it turns out, December the 12th of 1983, and at that time you pled guilty to ten counts of burglary, and under the law, as I interpret it, the Court has to sentence you now to not less than three years on this possession with intent to distribute, nor more than twenty years, twice the possible sentence. So, considering the fact that you have actually committed at least eleven felonies, you’re only charged as a second offender, however. The Court sentences you to ten years to the Department of Corrections. Thank you.”
The finding by the trial court is not sufficient to satisfy the requirements of Article 894.1 of the Louisiana Code of Criminal Procedure that the Court consider any mitigating circumstances.
The record also does not otherwise clearly illumine the trial court’s sentencing choice nor demonstrate that the sentence is not arbitrary or excessive. The proceedings of the trial on the merits were not transcribed for review before this Court. Only the sentencing hearing was transcribed, the record of which reveals nothing more than that which we have previously made mention of. Additionally, a *1198 pre-sentence investigation and report were never made. Thus, there is nothing in the record before us which reflects that the considerations listed in LSA-C.Cr.P. Art. 894.1 were taken into account by the trial court in particularizing the sentence to the defendant. We accordingly must set aside the sentence imposed on defendant by the trial court and remand the matter to the trial court for resentencing in compliance with LSA-C.Cr.P. Art. 894.1.
For the foregoing reasons, the sentence is set aside and the matter remanded to the trial court for resentencing in compliance with LSA-C.Cr.P. Art. 894.1
SENTENCE SET ASIDE AND REMANDED FOR RESENTENCING.