DOUCET, Judge.
Defendant, Barry S. Adams, was charged by bill of information with two counts of simple burglary, violations of La. R.S. 14:62, and one count of misdemeanor theft, a violation of La.R.S. 14:67. Defendant, in a plea bargain with the District Attorney, entered a guilty plea to the first count of burglary and the other charges were dismissed. A pre-sentence investigation was ordered. The Honorable Ted R. Broyles imposed upon the defendant a sentence of eight years at hard labor.
On April 20, 1985, defendant made a forced entry, through a broken out door, of a business known as Poochie’s Catfish Kitchen. Defendant went through the cash register and emptied out the drawer from it.
Defendant’s only assignment of error is that the sentence imposed is excessive. The defendant argues that the court should consider as mitigating factors the defendant’s mental condition and the fact that the defendant had no adult criminal record.
The Supreme Court has held that the imposition of a sentence, even though *1197 within the statutory limits, may violate a defendant’s right under the Louisiana Constitution against excessive punishment. La.Const. art. 1, § 20. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly disproportionate to the severity of the offense. In determining whether the penalty is grossly disproportionate, the court must consider “the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bo-nanno, 384 So.2d 355, 358 (La.1980). In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The penalty for simple burglary is imprisonment with or without hard labor for up to twelve years. The defendant’s sentence was eight years at hard labor, which is within the statutory limits. However, a sentence within the statutory limits may be excessive if a less onerous sentencing alternative should have been imposed. State v. Sepulvado, supra. Defendant’s claim of excessive sentence is based on the argument that defendant has no prior adult criminal record and that defendant’s mental problems should be considered a mitigating factor.
A pre-sentence investigation report was available to the judge before sentencing. It revealed that defendant committed at least three other burglaries on the night in question. As a juvenile, defendant was sent to L.T.I. as a consequence of having committed arson and burglary. Defendant may have sustained brain damage as a result of ingesting Drano as a young child.
The judge stated that his reasons for imposing the sentence were that he believed the defendant needed treatment and that this treatment could best be facilitated by placing defendant in a correctional environment. Although the defendant was a first offender, he had committed other offenses the same night and he had a juvenile record. The judge did not believe that the defendant was a candidate for probation because the judge believed that the defendant was very likely to commit more offenses. The judge seemed to give great weight to the defendant’s need for treatment of his mental condition.
The defendant’s eight year sentence in the instant case is in the upper range of the maximum penalty for burglary. The trial judge is given wide discretion when imposing sentences within the statutory limits, as in this case. The trial judge gave valid reasons for imposing imprisonment upon the defendant noting the defendant’s juvenile record, his need for treatment of his mental problems, and the likelihood that defendant would commit further offenses.
We find the trial judge adhered to the sentence guidelines furnished by LSA-C. Cr.P. art. 894.1. Considering this, the trial judge’s reasons, and the wide discretion afforded him, we are unable to say that the action of the court in imposing an eight year sentence upon the defendant was a manifest abuse of discretion. Therefore, we will not set aside defendant’s sentence as being excessive.
For the reasons assigned, the sentence of the defendant is affirmed.
AFFIRMED.