STOKER, Judge.
Defendant, Lester Joseph, was charged by grand jury indictment with one count of second degree murder, a violation of LSA-R.S. 14:30.1. In a plea bargain agreement, the defendant pleaded guilty to one count of negligent homicide, a violation of LSA-R.S. 14:32. The defendant was sentenced to serve five years at hard labor. Defendant is currently out on bond awaiting this appeal of his sentence.
FACTS
On April 17, 1985 the defendant and the victim got into a fight in a bar. Defendant *256 stabbed the victim with a lock-blade knife eight times, including one stab in the chest, one stab in the back, and three stabs in the neck. The victim died one week later from the wounds. The defendant was originally charged with aggravated battery. He was indicted for second degree murder after the victim died. The defendant had prior arrests for aggravated assault and aggravated battery. The victim also had an arrest record, including arrests for attempted murder, aggravated assault and simple battery. The victim had one conviction of simple battery. At the sentencing hearing, evidence was presented that the victim had previously threatened the defendant. The defendant expressed remorse for having committed the crime.
ASSIGNMENT OF ERROR
The defendant claims the sentence imposed of five years at hard labor is unconstitutionally excessive.
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition of excessive sentences. A sentence may violate one’s right against excessive punishment even though it is within the statutory limit. State v. Sepulvado, 367 So.2d 762 (La.1979). In determining whether a sentence is excessive, the reviewing court must consider the punishment and crime in light of the harm to society caused by its commission and whether the penalty is so disproportionate to the crime as to shock the court’s sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). The trial judge is afforded wide discretion in sentencing within the statutory limits; the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The penalty for negligent homicide is a maximum of five years at hard labor and/or a maximum fine of $5,000. Defendant’s complaint is that he was given the maximum period of incarceration. Ordinarily, maximum sentences are appropriate only in cases involving the worst type of violation of the relevant statute and the worst type of offender. State v. Jones, 398 So.2d 1049 (La.1981). An exception to the general rule was recognized in State v. Lanclos, 419 So.2d 475, 478 (La.1982):
“[Wjhere the offense to which the defendant has pled guilty inadequately describes his conduct, we find no abuse of the trial court’s great discretion in imposing the maximum sentence possible for the crime to which the guilty plea is entered. This is particularly true where a significant reduction in potential exposure to imprisonment has been obtained through plea bargaining, and the offense involves violence to the victim.”
In the instant case, defendant greatly reduced his potential punishment by pleading guilty to negligent homicide. The trial judge was of the opinion the crime could very easily have been manslaughter. The judge found that defendant could have withdrawn from the altercation before the actual fight started, but voluntarily chose to fight. The judge found that the defendant acted under some provocation, but the provocation was not strong enough to justify a homicide. A five-year sentence is not so disproportionate to this crime as to shock our sense of justice in the instant case.
Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.