YELVERTON, Judge.
After pleading guilty to indecent behavior with a juvenile, a violation of R.S. 14:81, Kenneth A. Osbon, a 42-year-old officer of the state police, was given a three and a half year suspended sentence and supervised probation for five years with special conditions, one a four month jail term. He appeals complaining that the sentence was excessive. We find no merit to this assignment of error and affirm the sentence.
The bill of information charged defendant with committing a lewd and lascivious act upon and in the presence of a young female victim. The child was either 11 or 12 years old and was alone with the defendant in a state police car, although defendant was not at the time on duty. The victim was defendant’s niece. She was asleep in the front seat of defendant’s car en route from Mauriceville, Texas, to Lees-ville, Louisiana, and she awoke to find that defendant’s hand was being withdrawn from inside her opened blue jeans and panties. Defendant then took the child’s hand and placed it upon his exposed sexual organ.
The trial judge when he imposed sentence carefully explained for the record the considerations taken into account and the factual basis therefor, as he was required to do under the sentencing guidelines statute, La.C.Cr.P. art. 894.1. The judge considered the age of the victim and the long-range effects the act could cause, compounded by the facts that defendant was at once a relative, a middle-aged adult, and a law enforcement officer. The sentencing judge made a studied effort to restrain himself from yielding to any temptation to make an example of the sentence because defendant was a policeman, but at the same time treated that fact as a legitimate factor in sentencing. He gave due weight to defendant’s apparent alcohol problems— he was drinking when the crime was committed — and looked with favor on the fact that since the crime defendant had joined Alcoholics Anonymous. It was noted, however, that not long before sentencing, defendant had been arrested for DWI with a high PEI reading. The court had the benefit of a presentence investigation report, and was aware of the fact that defendant and his third wife were not living together at the time of sentencing. The judge indicated that he wanted to fashion a sentence that would simultaneously let the defendant know how serious the crime was, a sentence that did not deprecate its seriousness, and yet one that did not require the defendant to be incarcerated for an extended period.
The crime of indecent behavior with a juvenile carries a penalty of up to seven years imprisonment with or without hard labor, and a $5,000 fine. The sentence imposed in the present case was three and a half years at hard labor with the Depart ment of Corrections. However, this sentence was suspended in its entirety and defendant was placed on supervised probation for five years subject to the conditions that he serve four months in the parish jail, use no alcohol or drugs, enroll in and participate in an alcohol and drug abuse program, participate in Alcoholics Anonymous, attend counseling at a mental health clinic, stay away from the victim unless an adult member of her family was also present, and pay a $750 fine and court costs.
Excessive sentences are constitutionally prohibited in this state. La. Const. Art. 1, Sec. 20; State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive even though it is within the statutory limits. Id. Sentences are not to be set aside as excessive absent manifest abuse of discretion by the trial court. State v. Abercrumbia, 412 So.2d 1027 (La. 1982). The standard for determining whether a trial judge has abused his discre *970 tion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980).
The most onerous parts of defendant’s sentence were four months in the parish jail and a $750 fine. Inasmuch as he could have been sentenced to a maximum of seven years at hard labor and given a $5,000 fine, it does not appear that four months in the parish jail as a special condition of probation is excessive, nor is the fine of $750. We therefore do not consider that the trial judge abused his wide discretion in imposing sentence.
AFFIRMED.