YELVERTON, Judge.
The defendant, Dale Gaver, Sr., was charged by bills of information with two counts of incest in Catahoula Parish and two counts in Concordia Parish, in violation of La.R.S. 14:78. Defendant pleaded guilty to all four counts. In each parish (both parishs are in the same judicial district), count one charged incest with one daughter, and count two charged incest with another daughter. The trial court ordered a presentence investigation. After receipt of the presentence investigation report, sentencing was conducted in Concordia Parish, with defendant’s consent, on all four counts. Defendant was sentenced to serve twelve years on each count in Concordia Parish with the sentences to run consecutively. He was given an identical sentence on the charges in Catahoula, but these sentences were ordered to run concurrently with the sentences in Concordia. The result was a 24 year sentence at hard labor out of a maximum of 60. Defendant now appeals the sentence imposed, asserting that the trial court failed to follow the sentencing guidelines of La.C.Cr.P. art. 894.1, and that the sentences are excessive.
The charges in this case arose from defendant’s prolonged sexual involvement with his two daughters. The victims advised that their father had been having intercourse with them since they were 11 or 12 years old. The girls at the time of sentence were 19 and 17. Although not charged, the presentence report indicates that defendant also engaged in sexual misconduct with his two sons. He had four children.
In a written statement, Gaver admitted the charged acts, saying he could not recall how long or how frequently he committed incest, but that he was certain that on more than one occasion he had coitus with his daughters. He described it as a “heinous crime”, saying he was “filled with shame”. Referring to his wife and two daughters as the “three most important ladies” in his life, he expressed the feeling that he had “potentially destroyed” their lives. This statement was dated January 31, 1989.
Two and a half months later Gaver, from his cell, wrote letters to his daughters. He berated them for their part in the incest, *1289 saying he had tried to keep their guilt quiet, warning that if the truth were known they would occupy the cell block next to his, and threatening to put ads in the newspapers telling “the parts of the story that you’ve too conveniently left out”.
In sentencing defendants, trial judges are required to state for the record the considerations they take into account and the factual basis for the sentence imposed. La.C.Cr.P. art. 894.1. The trial judge did that in this case.
The trial judge considered numerous factors in sentencing defendant. The judge considered letters on defendant’s behalf by family and friends. He considered the economic hardship on defendant’s family, as he would unlikely be able to meet child support payments if incarcerated. The judge considered the presentence report, and it is a part of the record.
While the trial judge gave consideration to these mitigating factors, he also believed that the nature and seriousness of the offenses, and the harm caused to his victims, required the defendant’s imprisonment. The maximum sentence which could have been imposed was 60 years on all counts. La.R.S. 14:78. Therefore, defendant received less than half the statutory maximum. However, the excessiveness of the sentence is still reviewable. La. Const, art. I, § 20; State v. Sepulvado, 367 So.2d 762, 769 (La.1979).
The sentencing judge is given wide discretion in imposing sentences within the statutory limits and a sentence should not be set aside absent a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). The record shows that Gaver, until he was decertified following these convictions, was an ordained and active minister in a prominent Christian denomination. His wife and four children participated with him in gospel singing and evangelizing activities. Considering the nature of the sexual crimes perpetrated against these young victims by their own father, who was simultaneously holding himself out in the community as an example of morality, over an extended period of time, the sentences imposed are not so disproportionate to the crimes committed, in light of the harm caused to society, as to shock one’s sense of justice. The harm done to the lives of these young ladies is irreparable. The defendant has callously perpetuated this harm by demanding that his own daughters share the guilt. The trial judge did not abuse his discretion in imposing the challenged sentences.
AFFIRMED.