Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,170-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                      Appellee

versus

LAUREN NGUYEN                      Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 23CR33771

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT        Counsel for Appellant
By: Douglas Lee Harville

LAUREN NGUYEN                     Pro Se

CHARLES B. ADAMS                 Counsel for Appellee
District Attorney

EDWIN BLEWER, III
ETHAN P. ARBUCKLE
Assistant District Attorneys

* * * * *

Before PITMAN, THOMPSON, and ELLENDER, JJ.

**PITMAN, C. J.**

Defendant Lauren Nguyen[1] pled guilty to one count of possession with the intent to distribute a Schedule II Controlled Dangerous Substance ("CDS"), cocaine, in an amount less than 28 grams and to one count of possession with the intent to distribute a Schedule I CDS, psilocin, in an amount less than 28 grams. The trial court sentenced her to ten years at hard labor for each count, with the sentences to run concurrently. She appeals her sentences. For the following reasons, we affirm her convictions and sentences and remand with instructions.

## FACTS

On July 21, 2023, the state filed a bill of information charging Defendant with one count of possession of a firearm or dangerous weapon in conjunction with CDS in violation of La. R.S. 14:95(E); one count of possession with the intent to distribute a Schedule II CDS in violation of La. R.S. 40:967(A)(1) and (B)(1)(b); one count of possession with the intent to distribute a Schedule I CDS in violation of La. R.S. 40:966(A)(1) and (B)(1)(b); one count of possession with the intent to distribute a Schedule I CDS in violation of La. R.S. 40:966(A)(1) and (B)(2)(a); and one count of possession of a Schedule IV CDS in violation of La. R.S. 40:969(C). As to Count 1, the state alleged that Defendant used, possessed or had in her immediate control a 9mm pistol while in possession of cocaine. As to Count 2, the state alleged that Defendant possessed with the intent to distribute more than 28 grams of cocaine. As to Count 3, the state alleged

---

[1] Throughout much of the record, Defendant is referred to as "Aniyah Blackwolf," and she pled guilty under this name. Prior to sentencing, it was discovered that Defendant's name is Lauren Nguyen.

that Defendant possessed with the intent to distribute more than 28 grams of psilocin. As to Count 4, the state alleged that Defendant distributed or dispensed less than 2.5 pounds of marijuana. As to Count 5, the state alleged that Defendant possessed alprazolam. The state alleged that these actions occurred on or about June 9, 2023.

At a hearing on September 19, 2023, the state orally amended Counts 2 and 3 to be less than 28 grams of cocaine and psilocin, respectively. Defendant then pled guilty to Counts 2 and 3, and the state dismissed the remaining charges. Sentencing was deferred until Defendant completed the Louisiana Adult & Teen Challenge program.

A sentencing hearing was held on April 16, 2024. The trial court stated that Defendant pled guilty under a false name, that she absconded from the Louisiana Adult & Teen Challenge substance abuse program after two days and that she was apprehended in Oklahoma. It reviewed the presentence investigation report and discussed her personal history, including that she was raised by a single mother; that she attended school through the eleventh grade; and that she was placed in a group home at the age of 17 due to being ungovernable; that she absconded from the group home and that she was returned there after being arrested. Defendant reported having depression, anxiety and bipolar disorder and that she was sober after a history of alcohol, marijuana, cocaine and prescription drug use. The trial court discussed her employment history, including that she worked at a farm for two years and a bar for two months. In reviewing Defendant's criminal history, the trial court stated that she was a first-time felony offender for the purpose of this sentencing but that in January and February 2024, she pled guilty in Oklahoma to trafficking illegal drugs,

2

possession of a CDS with intent to distribute, use of a firearm while committing a felony and escape from a juvenile detention facility, all of which offenses she committed in 2019. Defendant then made a statement in which she noted that she was 23 years old and asked the trial court to allow her the chance "to get [her] life together," obtain a GED and pursue being an esthetician. The trial court stated that it considered the La. C. Cr. P. art. 894.1 sentencing guidelines and determined that a lesser sentence would deprecate the seriousness of Defendant's crimes. It explained that Defendant lied to law enforcement and the court for months about her identity, likely because she had outstanding felony warrants in Oklahoma and that she absconded from a substance abuse treatment facility after two days. It sentenced Defendant to concurrent sentences of ten years at hard labor as to Count 2 and ten years at hard labor as to Count 3, with credit for time served, and referred her for substance abuse treatment, mental health treatment and the completion of her GED while in custody.

On May 2, 2024, Defendant filed a motion to reconsider sentence and argued that the maximum sentence is excessive. A hearing on the motion was held on May 29, 2024. The trial court denied the motion but noted that it took into consideration at the time of sentencing the considerations requested in the motion.

Defendant appeals her sentences.

## DISCUSSION

In her sole assignment of error, Defendant argues that the trial court imposed excessive sentences. She contends that the statutory maximum sentences are constitutionally harsh and merely punitive. She states that she was 23 years old when sentenced, that she has no arrests or convictions for

3

crimes of violence and that she has a history of mental illness, for which she self-medicated with illegal substances. Although she agrees that her actions merit punishment, she argues that she is not the worst of the worst of narcotics-related offenders. She contends that there is little reason to believe she will be a threat to society when released from prison and that with proper treatment, she is unlikely to commit future crimes. She requests that this court vacate her sentences and remand for resentencing.

The state argues that the trial court did not abuse its discretion when sentencing Defendant. It contends that by absconding from the substance abuse treatment program, Defendant has shown that she cannot adhere to rules and presents a risk that she would commit another crime if the court imposed a suspended sentence or probation. It argues that the trial court properly considered the seriousness of the crimes, specifically that distribution surpasses the seriousness of personal harm, and that Defendant enriched herself while harming others.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial court need not articulate every aggravating and mitigating circumstance outlined in La. C. Cr. P. art. 894.1, but the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any

4

particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

La. R.S. 40:967(B)(1)(a) states that a defendant convicted of possession of a Schedule II CDS, cocaine, in an amount less than 28 grams shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years and may, in addition, be required to pay a fine of not more than fifty thousand dollars.

La. R.S. 40:966(B)(1)(a) states that a defendant convicted of possession with the intent to distribute a Schedule I CDS, psilocin, in an amount less than 28 grams, shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years and may, in addition, be required to pay a fine of not more than fifty thousand dollars.

5

The trial court did not abuse its discretion when sentencing Defendant to concurrent ten-year sentences. The trial court complied with La. C. Cr. P. art. 894.1 by considering these guidelines and particularizing the sentences to Defendant. It detailed Defendant's personal history, prior criminal record, the seriousness of the offense and her likelihood of rehabilitation. The trial court emphasized that Defendant provided a false identity, likely to prevent discovery of her juvenile and adult criminal records in Oklahoma, and absconded from a substance abuse treatment facility within days of reporting.

Although the trial court imposed the statutory maximum sentences, these sentences are not grossly out of proportion to the seriousness of the offenses and are not a purposeless and needless infliction of pain and suffering. Defendant received benefits from the state dismissing three charges pursuant to her guilty plea; from the amendment of Counts 2 and 3 to be less than 28 grams of the CDS, which lessened her sentencing exposure from 20 years to 10 years; and from the trial court ordering her sentences to run concurrently. She also benefited from not being sentenced as a multiple-felony offender once her true identity and Oklahoma felony convictions were discovered. As stated by Defendant at her resentencing hearing, her parole date is April 27, 2027, i.e., 3 years from her sentencing date. The trial court noted that Defendant's completion of available programming through the Department of Corrections, including substance abuse treatment, could lead to an earlier parole date.

Accordingly, this assignment of error lacks merit.

## ERRORS PATENT

A review of the record raises two errors patent.

6

The minute entry on April 16, 2024, incorrectly states that Defendant was charged under La. R.S. 40:967(B)(1)(b) as to Count 2 and under La. R.S. 40:966(B)(1)(b) as to Count 3.  At a hearing on September 19, 2023, the state orally amended Counts 2 and 3 to be less than 28 grams of cocaine and psilocin, respectively, which changed the applicable sentencing statutes.  After the charges were amended, the applicable statutes were La. R.S. 40:967(B)(1)(a) as to Count 2 and under La. R.S. 40:966(B)(1)(a) as to Count 3.

Similarly, Defendant's Uniform Sentencing Commitment Order incorrectly states that she was sentenced under La. R.S. 40:967(B)(1)(b) as to Count 2 and under La. R.S. 40:966(B)(1)(b) as to Count 3.  As discussed above, the trial court sentenced Defendant under La. R.S. 40:967(B)(1)(a) as to Count 2 and under La. R.S. 40:966(B)(1)(a) as to Count 3.

Accordingly, we instruct the trial court to amend the minute entry and the Uniform Sentencing Commitment Order to include the correct sentencing statutes.

### CONCLUSION

For the foregoing reasons, we affirm the convictions and sentences of Defendant Lauren Nguyen and remand this case to the trial court with instructions to correct the minute entry and the Uniform Sentencing Commitment Order.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

7