Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,680-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ROBERT EARL WILLIAMS, JR.                   Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 401,493

Honorable Michael A. Pitman, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
Christopher A. Aberle

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

VICTORIA T. WASHINGTON
BRIANA C. SPIVEY
Assistant District Attorneys

* * * * *

Before HUNTER, MARCOTTE, and ELLENDER, JJ.

HUNTER, J., concurring in part and dissenting in part.

**ELLENDER, J.**

Robert Earl Williams was convicted by a unanimous jury of fourth offense operating a vehicle while intoxicated. The trial court sentenced him to serve 15 years at hard labor, with two years to be served without the benefit of probation, parole, or suspension of sentence, and to pay a fine of $5,000. Williams appeals his sentence as constitutionally excessive. For the following reasons, we affirm his conviction and sentence, but remand for compliance with La. C. Cr. P. art. 875.1 as to the fine imposed.

## FACTS

At 10:19 p.m. on April 19, 2024, Shreveport Police Department ("SPD") Corporal D'Andre Jackson observed a Lincoln Towncar parked, with the engine running, at Sunset Acres Park in Shreveport. Cpl. Jackson approached the vehicle and asked Williams, who was in the driver's seat, to get out of the car. When Williams exited, Cpl. Jackson noticed a strong odor of alcohol, his speech was slurred, and his eyes were red and glossy. After receiving his *Miranda* warnings, Williams said he drank a couple of beers earlier in the evening. Cpl. Jackson first ensured Williams was not suffering from any medical conditions, then administered two field sobriety tests, both of which Williams failed.

Cpl. Jackson then transported Williams to the DWI Selective Unit at the police station for further testing. Upon arrival, Williams was given his *Miranda* warnings a second time by Corporal Corey Sullivan. Williams told Cpl. Sullivan he began drinking around noon that day and had several beers, the last of which he consumed around 9:30 p.m. Cpl. Sullivan also smelled a strong odor of alcohol on Williams, and observed his red and glossy eyes, slurred speech, and an unsteady gait. Cpl. Sullivan then administered

several sobriety tests, including a breathalyzer.  In addition to performing poorly on the field sobriety tests, Williams registered .241 grams percent alcohol on the breathalyzer, approximately three times the legal limit of .08 g/%.

SPD Corporal John Madjerick, an expert in fingerprint analysis, matched Williams' prints taken following his arrest in this case to prints obtained following his three prior convictions for operating a vehicle while intoxicated, on March 16, 2016, September 20, 2020, and November 13, 2023.

A jury unanimously found Williams guilty as charged of fourth offense operating a vehicle while intoxicated.  At sentencing, Williams' counsel requested a minimum sentence based on his lack of prior felony convictions.  The trial court ultimately determined there was an undue risk Williams would commit another crime if placed on probation, he was in need of correctional treatment most effectively provided in a custodial environment, and a lower sentence would deprecate the seriousness of the offense.

In its consideration of aggravating factors, the trial court found Williams knowingly created a risk of death or great bodily harm to more than one person by operating a vehicle while intoxicated, and he was persistently involved in similar offenses.  The trial court also considered Williams' blood alcohol concentration as an aggravating factor, noting it was very high, despite the reading being a bit delayed due to the need to transport Williams to the DWI Selective Unit for testing.

In its consideration of mitigating factors, the trial court cited Williams' lack of serious criminal history, with prior arrests and convictions

apparently related to his struggle with alcohol abuse. The trial court also considered it mitigating that at the time of his arrest for the underlying offense, Williams was parked rather than operating his vehicle on the roadway.

The trial court sentenced Williams to serve 15 years at hard labor, with two years to be served without the benefit of probation, parole, or suspension of sentence. The trial court also imposed a fine of $5,000. Williams filed a motion to reconsider sentence, arguing the sentence was excessive based on his minor criminal history and first-felony offender status. The trial court denied the motion. Williams also filed a *pro se* motion for reduction of sentence, urging his lack of prior violent criminal convictions, and claiming he was misrepresented by his attorney, slandered by the state, and had his Eighth Amendment rights violated. The trial court denied this motion as well.

## DISCUSSION

On appeal, Williams argues the trial court failed to consider his lack of prior felony offenses when determining his sentence, as well as all the aggravating and mitigating factors set forth in La. C. Cr. P. art. 894.1. He contends there was no evidence he drove his vehicle or endangered others in any way; officers only observed him drunk and asleep in his running (but parked) vehicle. Williams also argues the trial court failed to consider provisions contained in La. R.S. 14:98.4, which he contends require a probation period of supervision and treatment after an offender serves the initial mandatory jail time. Williams claims the imposition of a 15-year sentence with no probationary period is inconsistent with the legislative

3

intent behind La. R.S. 14:98.4 and improperly prioritizes punishment over rehabilitation.

Appellate review of sentences for excessiveness is a two-pronged inquiry. *State v. Caldwell*, 56,269 (La. App. 2 Cir. 5/21/25), 411 So. 3d 934, *citing State v. Benavides*, 54,265 (La. App. 2 Cir. 3/9/22), 336 So. 3d 114. First, the record must show that the court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. *Id*. No sentencing factor is accorded greater weight by statute than any other factor. *Id*.

The second prong is unconstitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. *Id*. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. *Id*.

The trial court has wide discretion in the imposition of sentences within statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Williams*, 56,184 (La. App. 2 Cir. 2/26/25), 409 So. 3d 306, *writ denied*, 25-00372 (La. 5/20/25), 409 So. 3d 218, *citing State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. On review, an appellate court does not

4

determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957. As a general rule, maximum or near sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Williams*, *supra*.

The crime of operating a vehicle while intoxicated includes the operating of any motor vehicle when the operator is under the influence of alcoholic beverages; the operator's blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood. La. R.S. 14:98(A). While Williams does not challenge the sufficiency of the evidence resulting in his conviction, our review of the record clearly establishes the state not only proved Williams was operating a vehicle while intoxicated, but also that the instant conviction was Williams' fourth offense.

A conviction for fourth or subsequent offense in violation of R.S. 14:98, provides the offender shall be fined $5,000 and imprisoned, with or without hard labor, for not less than 10 years nor more than 30 years. At least two years must be imposed without benefit of parole, probation, or suspension of sentence. La. R.S. 14:98.4(A)(1). Further, the court, in its discretion, is permitted to suspend all or any part of the sentence remaining following the mandatory minimum term of imprisonment. If any of the sentence is suspended, the offender must be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of five years. La. R.S. 14:98.4(A)(2)(a).

As to the first prong of our consideration of whether Williams' sentence is excessive, we find the record contains no support for the claim the trial court failed to consider all the aggravating and mitigating factors set out in La. C. Cr. P. art. 894.1. The sentencing transcript clearly reflects the trial court's consideration of all factors it found applicable in Williams' case, including the mitigating factors, his lack of felony criminal history and that he was not operating his vehicle on the roadway at the time of his arrest.

We now turn to the second prong, whether Williams' 15-year hard labor sentence is constitutionally excessive. Based on the record before us, we cannot say the trial court abused its vast discretion. As it noted, the underlying conviction was Williams' fourth for operating a vehicle while intoxicated. Williams admitted to consuming beer for a period of more than nine hours on the date of his arrest, and his blood alcohol concentration was more than three times the legal limit, despite a delay in administering the test. Further, Williams' criminal record supports the trial court's finding he would likely reoffend if placed on probation, is in need of correctional treatment most effectively administered in a custodial environment, and any lesser sentence would deprecate the seriousness of the offense. The 15-year hard labor sentence does not shock our sense of justice.

Finally, there is no merit to Williams' argument the trial court erred in not suspending a portion of his sentence to allow him the benefit of probationary treatment. While La. R.S. 14:98.4(A)(2)(a) allows the trial court to suspend any portion of the remaining sentence following the mandatory two-year term of imprisonment, that decision is wholly within the trial court's discretion. La. R.S. 14:98.4(A)(2)(a) does not require any portion of the sentence to be suspended. Since the trial court in this case did

6

not suspend any portion of the 15-year sentence, it was under no obligation to provide a term of probation.

*Error Patent*

Williams received a fine of $5,000 for his fourth offense operation of a vehicle while intoxicated. La. C. Cr. P. art. 875.1(C)(1) requires the trial court conduct a hearing to determine whether payment of the aggregate amount of all the financial obligations to be imposed would cause substantial financial hardship to the defendant or his dependents. *State v. Shepherd*, 56,075 (La. App. 2 Cir. 2/26/25), 408 So. 3d 375, *reh'g denied* (La. App. 2 Cir. 4/2/25). As the record does not indicate the required financial hardship hearing was conducted or show Williams waived the hearing as provided for in La. C. Cr. P. art. 875.1(C)(2), we set aside the imposition of the $5,000 fine and remand this matter for the trial court to comply with La. C. Cr. P. art. 875.1(C).

## CONCLUSION

For the reasons expressed, we affirm the conviction, affirm the 15-year hard labor sentence, but vacate the imposition of the $5,000 fine, and remand for compliance with La. C. Cr. P. art. 875.1.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART; CASE REMANDED.**

**HUNTER, J., concurring in part and dissenting in part.**

I concur in the decision to affirm defendant's conviction.

However, I dissent from the excessive nature of the sentence imposed. I believe the 15-year sentence, imposed on a defendant who clearly has a substance abuse issue, without the imposition of any rehabilitative measures, serves no purpose other than to inflict pain and suffering, and makes no meaningful contribution to acceptable penal goals. Therefore, the sentence is excessive.