Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,697-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                Appellee

versus

RAPHEAL CLARK                                     Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 399,096

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPEALS AND WRIT SERVICE     Counsel for Appellant
By: Remy V. Starns
    Michael A. Mitchell
    Caitlin Fowlkes


JAMES E. STEWART, SR.                      Counsel for Appellee
District Attorney


ASHLIN N. THOMAS
ERIC M. WHITEHEAD
Assistant District Attorneys

* * * * *


Before STEPHENS, THOMPSON, and ELLENDER, JJ.

**ELLENDER, J.**

Rapheal Clark pled guilty to theft of merchandise valued between $1,000 and $5,000. Clark was also on parole for a felon in possession of a firearm conviction, and the plea was made with the understanding the state would not file a habitual offender bill, but no agreement was made regarding sentencing. The trial court ultimately sentenced Clark to serve four years at hard labor, consecutive to any other sentence, which Clark now appeals as being constitutionally excessive. Finding no merit to this argument, we affirm.

**FACTS**

Clark pled guilty as charged to theft of merchandise after he and a codefendant, Ashtari Draper, stole three backpack leaf blowers, a chainsaw, and a generator, valued collectively at $3,655, from Lowe's in Shreveport on November 9, 2023. Clark elected to revoke his parole prior to sentencing.[1] At sentencing, defense counsel provided the trial court with information about Clark's sickle cell anemia diagnosis and his contention he failed to receive proper medical treatment while incarcerated. Counsel also informed the trial court about Clark's strong family ties to the area, which included his mother, two sisters, two children, and a grandchild born while Clark was incarcerated pending trial. Finally, Clark's educational background and work history were discussed, as well as his role in the theft from Lowe's. Clark expressed remorse for his crimes.

The trial court found an undue risk that Clark would commit another crime if he received a suspended sentence, and any lesser sentence would deprecate the seriousness of the underlying offense. Clark's fairly extensive criminal history was noted, which included: a conviction in Caddo Parish for

aggravated battery in 2012; Texas convictions for attempted unlawful possession of a firearm by a convicted felon and felony possession of a controlled dangerous substance in 2017; a Texas conviction for unlawful possession of a firearm by a convicted felon in 2018; and convictions in Caddo Parish for felon in possession of a firearm and possession with intent to distribute a schedule II controlled dangerous substance in 2021; the instant theft was Clark's seventh felony conviction. The trial court also noted Clark had been on parole for only about six months at the time he committed the theft. The sole mitigating factor found applicable was Clark's conduct neither caused nor threatened serious bodily harm. Clark was sentenced to serve four years at hard labor, consecutive to any other sentence, with credit for time served.

Clark filed a motion to reconsider sentence, arguing it was excessive and in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The trial court denied the motion, and this appeal followed.

## DISCUSSION

Clark makes several arguments in support of why he believes his sentence is excessive and should be set aside. He first argues the trial court did not adhere to the requirements set out in La. C. Cr. P. art. 894.1 when it failed to consider as mitigating factors his significant medical condition (sickle cell anemia), his lack of access to necessary healthcare for that condition (he contends no medication or treatment has been rendered for his sickle cell anemia since his initial incarceration), his ties to the community, and family obligations. Clark points out his sentence is harsher than his codefendant, Draper, who Clark believes was more culpable in the theft

2

from Lowe's. Clark contends near-maximum sentences are reserved for the worst offenders, which he cannot be because his conduct did not endanger anyone's safety, and he argues his conduct is unlikely to reoccur because it was an isolated incident. Clark also claims the four-year sentence violates the Constitution because it is grossly out of proportion to the seriousness of the offense.

The state first argues Clark failed to raise the claims of lack of compliance with La. C.Cr.P. art. 894.1 with sufficient specificity in his motion to reconsider sentence and, therefore, his right to make those claims on appeal was not preserved. As such, the state argues this court's consideration of Clark's appeal of his sentence is limited to bare constitutional excessiveness.

In the alternative, the state argues the record clearly shows the trial court complied with La. C. Cr. P. art. 894.1 and specifically tailored its sentence to Clark. The state points to Clark's criminal history, which includes previous convictions for aggravated battery, felony drug possession, and felon in possession of a firearm. The state contends the four-year sentence is especially appropriate in this case as Clark's previous unsuccessful attempts at probation in no way deterred his continued participation in criminal endeavors, and asks us to affirm.

Appellate review of sentences for excessiveness is a two-pronged inquiry. *State v. Caldwell*, 56,269 (La. App. 2 Cir. 5/21/25), 411 So. 3d 934, *citing State v. Benavides*, 54,265 (La. App. 2 Cir. 3/9/22), 336 So. 3d 114. First, the record must show that the court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. *Id*.

3

No sentencing factor is accorded greater weight by statute than any other factor. *Id.*

The second prong is constitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. *Id.* A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. *Id.*

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Williams*, 56,184 (La. App. 2 Cir. 2/26/25), 409 So. 3d 306, *writ denied*, 25-00372 (La. 5/20/25), 409 So. 3d 218, *citing State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957. As a general rule, maximum or near sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Williams*, *supra*.

Theft is defined as the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the

misappropriation or taking, or by means of fraudulent conduct, practices, or representations; an intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential. La. R.S. 14:67(A). When the misappropriation or taking amounts to a value of $1,000 or more, but less than a value of $5,000, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than $3,000, or both. La. R.S. 14:67(B)(3).

Clark did not specifically describe the trial court's lack of compliance with La. C. Cr. P. art. 894.1 in his motion to reconsider sentence and may have failed to preserve any claims beyond bare constitutional excessiveness. Even if this minimal articulation was sufficient to preserve the issue, there is no support in the record for Clark's claim the trial court failed to adequately consider the aggravating and mitigating factors set forth in La. C. Cr. P. art. 894.1. While the court did not walk through each factor individually, it is not required to as long as it is clear the factors were fully considered. The sentencing transcript reflects Clark's presentation of mitigating evidence, including information regarding his medical condition and ties to the community, which supports the state's contention the trial court was aware of these factors and took them into consideration when imposing sentence. We find Clark failed to satisfy the first prong of the test for excessiveness.

The second prong requires this court to determine if the sentence imposed constitutes an abuse of discretion because it is grossly out of proportion with the underlying offense. We cannot say the trial court's imposition of a four-year sentence, which is less than the maximum allowed by statute, shocks the sense of justice in this case. Clark was on felony

5

parole for felon in possession of a firearm when he chose to commit the underlying crime, his criminal history is extensive including multiple felony convictions, and there is no indication probationary treatment has effectively deterred him from criminal behavior when offered previously. For these reasons, we do not find the sentence imposed is constitutionally excessive.

## CONCLUSION

Rapheal Clark's four-year sentence for theft of merchandise, with a value of more than $1,000 and less than $5,000, is affirmed.

**AFFIRMED**.