Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,719-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JOSHUA JONES                          Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 249,615

Honorable Michael Nerren, Judge

* * * * *

LOUISIANA APPEALS AND WRIT              Counsel for Appellant
SERVICE
By:  Remy V. Starns
     Michael A. Mitchell
     Mary E. Roper

J. SCHUYLER MARVIN                      Counsel for Appellee
District Attorney

RICHARD R. RAY
CODY ALLEN BOYD
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and COX, JJ.

**PITMAN, C. J.**

A jury convicted Defendant Joshua Jones of molestation of a juvenile. The trial court sentenced him to serve seven years at hard labor. Defendant appeals his sentence. For the following reasons, we affirm his conviction and sentence.

**FACTS**

On December 20, 2023, the state filed a bill of information charging Defendant with one count of molestation of a juvenile in violation of La. R.S. 14:81.2(A)(1) and (B)(1). It alleged that on or about October 26, 2023, Defendant committed a lewd or lascivious act upon the person or in the presence of A.S. Defendant pled not guilty.

A jury trial began on February 25, 2025. A.S. testified that in October 2023, she was 16 years old and had an after-school job at Pizza Hut in Haughton. On October 26, 2023, she arrived at work at 4:30 p.m. for a five-hour shift. A.S. was alone in the building with Defendant, her manager, while other employees were delivering pizzas or on a break. He sprayed her with silly string, which was an ongoing prank among employees. She explained that "[w]e were kind of messing around and he just kind of grabbed me and dragged me a little bit." She testified that he then "kind of started getting on top of me and dragging me to the freezer. . . . He was putting his hands down my shirt. . . . His hands are in my bra, cupping my breast." She explained that she was scared and trying to process what happened but thought Defendant's hand slipped accidentally. A.S. testified that Defendant helped a customer and then returned to where she was, picked her up again and "more forcefully drug" her into the freezer. She stated that "his hands are down my shirt again. I feel like every piece of my

body was being touched by him. His hands were everywhere." She described the second time in the freezer as "more aggressive," that he touched her nipples and that he told her to relax. She pushed away from him, he let go and she ran out of the freezer to the front door. She noted that both incidents happened within a span of five to ten minutes. She saw a coworker in the parking lot, so she met him at his car and told him what happened. He recommended that she call her parents and law enforcement, which she did. After law enforcement arrived, she told them what happened and then an officer transported her to the police station to give a statement. At a later date she was interviewed at the Gingerbread House.[1] A.S. identified recordings taken from Pizza Hut's security cameras on October 26, 2023, and the jury viewed this footage.[2] A.S. identified Defendant on the recording and in the courtroom.

Ofc. Allen Rothery of the Haughton Police Department testified that on October 26, 2023, he received a dispatch regarding a possible assault at Pizza Hut. He arrived on the scene at approximately 9:08 p.m. and spoke to A.S. who was "visibly shaking and obviously upset." He stated that A.S., whose birthday is July 24, 2007, was 16 years old at the time of the incident and that Defendant, whose birthday is May 31, 1976, was 47 years old.

On February 26, 2025, the jury found Defendant guilty as charged of molestation of a juvenile.

---

[1] The jury viewed the recording of this interview in which she provided information consistent with her trial testimony including that Defendant put his hands down her shirt, touched the inside of her bra and cupped her breasts.

[2] The recording shows Defendant and A.S. horseplaying with silly string. Defendant picks A.S. up and pulls her into the freezer. They exit the freezer and return to working. Defendant returns, picks A.S. up and pushes her into the freezer. They exit the freezer and A.S. runs out of the area shown on the recording, away from Defendant.

A sentencing hearing was held on May 29, 2025. The trial court noted that it reviewed the presentence investigation report. It discussed the victim impact statement by A.S.'s father in which he stated that A.S. needed therapy in response to the attack and requested that Defendant receive the maximum sentence allowed. The trial court stated that Defendant had a limited criminal history, i.e., that he pled guilty to simple burglary in 1994. It detailed his family, education and employment histories, i.e., that he had been married since 2001, he had six children and four grandchildren, he graduated from high school and attended some college and that he worked in the food industry as a regional manager. Defendant chose to make a statement and recalled that he hired A.S. as a "present" for her 16th birthday. He admitted to doing "a lot of horse playing" with employees but that he should have been more professional. He admitted to taking "it overboard," stated that he took "accountability for everything" and wished to apologize to A.S. and her parents. He noted that he has daughters and sisters and would not want anyone touching them inappropriately. The trial court responded that Defendant was not taking responsibility for his actions because he categorized what happened as horseplay, which is not consistent with the evidence presented at trial. The trial court also noted the damage done to Defendant's family and that three of his family members wrote letters on his behalf. It then stated that it considered the elements of La. C. Cr. P. art. 894.1 and found that a lesser sentence would deprecate the serious nature of the crime. It reviewed the sentencing range and sentenced Defendant to serve seven years at hard labor with credit for time served.

Defendant appeals.

3

## DISCUSSION

In his sole assignment of error, Defendant argues that the trial court imposed a constitutionally excessive sentence and that a five-year sentence would be sufficient. He notes as mitigating factors that he only had one prior criminal conviction, and there was a lengthy period between the two offenses; that his family attested to his character; and that he accepted responsibility for the harm he caused and showed remorse. He contends that although his actions were reprehensible, they were not as egregious as those in other cases. He explains that the actions in this case occurred during a short period of time and were perpetrated against a 16-year-old, who is not as vulnerable or helpless as a younger victim.

The state argues that the trial court did not abuse its discretion when imposing the seven-year sentence. It states that the court had the benefit of a presentence investigation report; that the court adequately considered the guidelines of La. C. Cr. P. art. 894.1 and gave reasons for the sentence; and that the seven-year sentence was closer to the minimum rather than the maximum of the sentencing range. The state contends that the sentence is not excessive due to the aggravating factors of the young age of the victim and Defendant's position of control and influence over her as her supervisor.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial judge need not articulate every aggravating and mitigating circumstance outlined in La. C. Cr. P. art. 894.1, but the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. The important elements the trial court should consider are

4

the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

Whoever commits the crime of molestation of a juvenile, when the victim is 13 years of age or older but has not yet attained the age of 17, shall be fined not more than $5,000 or imprisoned, with or without hard labor, for not less than five nor more than ten years, or both. La. R.S. 14:81.2(B)(1).

The trial court did not abuse its discretion by sentencing Defendant to a midrange sentence of seven years at hard labor and not imposing a fine. The record reflects that the trial court complied with La. C. Cr. P. art. 894.1

and particularized the sentence to Defendant. It detailed the information provided in the presentence investigation report, including Defendant's limited criminal history and the impact of the crime on the victim. The sentence imposed is not grossly out of proportion to the seriousness of the offense when considering the ages of Defendant and the minor victim, Defendant's position of influence over the victim as her supervisor and Defendant's lascivious acts upon the victim.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of Defendant Joshua Jones.

**AFFIRMED.**